EDUVIGIS CRUZ RODRÍGUEZ, Petitioner and Appellant, *v.* ANTONIO FERNÓS ISERN, COMMISSIONER OF HEALTH OF PUERTO RICO, Respondent.

No. 9354.  Argued April 1, 1947.—Decided April 22, 1947.

*Celestino Iriarte, F. Fernández Cuyar,* and *H. González Blanes* for appellant.  *Luis Negrón Fernández, Acting Attorney General (E. Campos del Toro,* former *Attorney General* on the brief) and *Carlos Santana Becerra, Assistant Attorney General,* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

In 1943 the petitioner, as a Senior Clerk in the permanent classified civil service, was holding the post of Requisition Officer and Supply Comptroller at the Bayamón District Hospital at a salary of $1,020 annually. On June 22, 1943, the defendant notified her that she would cease to hold that position on June 30, 1943, because it had not been included in the 1943–44 budget.

She filed this petition for mandamus, alleging that when her services were terminated she was eligible for the positions at the Bayamón District Hospital of (1) Secretary to the Business Manager at a salary of $900 annually, (2) Clerk-Stenographer of the Pathology Department at a salary of $720 annually, (3) Clerk of the Out-Patient Department at a salary of $720 annually, and (4) Clerk-Stenographer of the Social Department at a salary of $720 annually. She alleged that these posts existed on June 30, 1943, exist now, and have been filled by temporary employees without any classified civil service status, in violation of Rule 40 of the Civil Service Commission under which she is entitled to be appointed to one of these posts. She prayed that the defendant be compelled to appoint her to any one of these positions. After a hearing on the merits, the lower court entered judgment for the defendant and the petitioner appealed.

This is not a case where the petitioner contends that she is entitled to be restored to her same position at the same salary on the ground that her position has not been actually abolished. Cf. *Colón v. Iglesias,* 64 P.R.R. 810, and cases cited therein. Here it is conceded that her post has been abolished. The only question is whether under Rule 40 she has a right to be appointed to one of a number of other positions for which she is eligible and which are filled by other persons.

The lower court held that under Rule 40 her only right was to be placed on the appropriate reemployment list in order that her name might be certified for any post for which

she was eligible. The petitioner refused to fill out the blanks which would have placed her on the reemployment list on the ground that she was entitled under Rule 40 to be appointed to one of the mentioned posts. And we note in passing that the record shows that some of these posts were filled with temporary employees with the approval of the Civil Service Commission in August, 1943. If the petitioner had not refused to permit her name to be placed on the reemployment list, perhaps she would have been entitled to be offered one of those posts.

We agree, as the lower court held, that Rule 40 [1] simply establishes the order in which employees in the *same* class shall be laid off because of lack of work or an appropriation. If as here there is no dispute that there is no appropriation either for the post the petitioner holds or for one in the same class, the only right of such an employee under Rule 40 is to be placed on a reemployment list and to be eligible for reemployment as provided in Rule 15.[2]

The petitioner contends in effect that she is entitled under Rule 40 to displace any person holding a post inferior to

---

[1] Rule 40 reads as follows: "In case it becomes necessary in any department, through lack of work or lack of appropriation, or for other causes, to reduce the number of employees in any given class, the least efficient permanent employees as shown by the service rating for the twelve months period immediately preceding the lay-off date, shall be the first to be laid off; *Provided, however,* That temporary, provisional and seasonal employees, if any, shall be laid off first, and in the order named, unless upon application of the head of the department or establishment the Commission shall order otherwise. In the absence of satisfactory service ratings, lay-offs shall be in the inverse order of seniority, so that the person last appointed in the class shall be the first to be laid off. The names of persons who are laid off under this rule shall be placed on the appropriate reemployment list for the class, in accordance with service ratings, or in the absence thereof, in accordance with their length of service. Such persons shall be eligible for reemployment, as provided under Rule XV."

[2] Rule 15 reads in part as follows: "Whenever any employee holding a permanent position in the classified service has performed his duties satisfactorily and has been laid off without fault on his part, or has been on authorized leave of absence, and is ready to return to duty when a position in the class is open, or has resigned in good standing, or has been otherwise separated from the service through no fault of his own, the Commission shall, on the written request of the employee and with the consent of the department wherein he served, cause his name to be placed on the reemployment list for the appropriate class."

the one she held before it was abolished if she is eligible therefor. But Rule 40 does not contemplate that anyone classified as a Senior Clerk can, if her position is abolished for lack of funds, ransack an entire Department to establish that she has been more efficient than or is senior to some second or third grade employee, or that a second or third grade post is held by a temporary employee and she is entitled to replace the latter. To interpret Rule 40 in this manner would create administrative chaos. Every time the Legislature abolished a position transfers in countless other posts would be required.

Rather Rule 40 provides that if some employees of the *same* class or category are to be retained and others laid off due to lack of work or appropriations, those to be laid off must be selected by the standards established in Rule 40. The petitioner here did not show that other posts of the same class as the one she had been filling existed to which she was entitled because of permanency, efficiency, or seniority as provided in Rule 40. Her only right under Rule 40 therefore was to be placed on the reemployment list to be reemployed pursuant to Rule 15. And as we have seen she refused to avail herself of this right.

The judgment of the district court will be affirmed.